## Brookside Coal Mining Co. v. Joseph Hajnal.

1. NEGLIGENCE—*In Not Providing Places of Refuge on the Sides of Inclined Entries in Coal Mines.*—A failure on the part of the proprietor of a coal mine to comply with the statute requiring places of refuge on all gravity or inclined entries in his mine renders him liable for injuries received by reason of such failure.

2. DAMAGES—*Where $3,000 is Not Excessive.*—Where a miner, permanently injured in a coal mine by reason of the failure of the proprietor to provide places of refuge as required by the statute, was thirty-nine years of age, vigorous and in good health, capable of earning $2.25 and $2.50 per day, a verdict for $3,000 is not excessive.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed April 9, 1902.

D. D. EVANS and GUY M. McDOWELL, attorneys for the appellant.

C. H. BECKWITH and GEO. T. BUCKINGHAM, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellant operates a coal mine and removes coal therefrom by means of cars running over an incline or slope which extends from the surface of the ground to where the coal is mined, a distance of about six hundred feet. The incline is equipped with a double track and an endless cable by means of which loaded cars are drawn up one

track and let down another. The power to move the
cable is furnished by an engine located at the surface, and
the cars are attached to the cable by means of a grip oper-
ated by an employe, called a gripper or gripman. About
six hundred feet from the entrance of the mine is a large
pillar of coal which separates the two tracks. Over the
track to the right, as the mine is entered, the empty cars
are conveyed, and over the other track the loaded cars are
hauled out of the mine.

Appellee was a coal digger in the mine on the 6th of
September, 1900, and worked in room number 10, south-
west entry, with his son. After quitting work, they pro-
ceeded to leave the mine by walking over the track for
loaded cars. It was the only means by which they could
leave the mine. After they had gone a short distance, the
son being in front, a trip of loaded cars, which had broken
loose from the cable, started rapidly down the grade.
Before appellee could reach a place of safety he was struck
by the cars and very seriously injured. He brought suit
against appellant and recovered judgment for $3,000. The
negligence charged against appellant was that it willfully
failed to provide, as required by statute, places of refuge
in the walls of the mine, along which the appellee was
compelled to travel, and that it negligently failed to pro-
vide its cars with drags or dogs to prevent loaded cars
from descending into the mine in case they became detached
from the cable.

The evidence showed that the entry at the place of the
accident, and for some distance beyond, was less than three
feet in width from the outer edge of the cars to the side
of the entry. There were no places of refuge along the
sides, whatever. Some cross-cuts had been made in the
pillar between the two entries, but these had been filled up
with rubbish and were in no condition for service as man-
holes or places of refuge. In our opinion there was a will-
ful failure on the part of appellant to comply with section
21 of the Mining Statute, Hurd's Revised Statute of 1901,
p. 1216.

There is some conflict in the testimony as to whether the

appellant used drags. Drags are appliances to be attached to the rear of a loaded train of cars to prevent the cars, on breaking loose from the cable, from running down the incline or grade. In the conflicting testimony, it was the business of the jury to say where the truth lay. Even if the only act of negligence charged had been the failure to use drags, whereby the cars were precipitated down the track against appellee, we should not be disposed to reverse the judgment on the ground that the verdict of the jury was against the evidence. The conflict between the witnesses related more to the general non-use of drags in the mine than to the fact of there being no drags used on this particular train of cars which ran against appellee. There were only five witnesses who saw this train of cars which injured appellee before the cars were removed. All of them testified that no drags were used on any of those cars. It is immaterial whether the failure to use drags was due to the want of care upon the part of the superintendent of the mine or to that of the gripman in charge of the train. Neither of them was a fellow-servant of appellee.

It is contended that the damages awarded were excessive. We think not. Appellee, at the time of his injury, was thirty-nine years of age, vigorous and in good health, and capable of earning $2.25 and $2.50 per day. The evidence shows that he is permanently injured. We see nothing seriously wrong with the instructions.

Judgment affirmed.